David B. Rosenbaum, 009819
Colin M. Proksel, 034133
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 640-9000
drosenbaum@omlaw.com
cproksel@omlaw.com

Teresa Michaud, *pro hac vice* forthcoming
Ariana E. Bustos, *pro hac vice* forthcoming
COOLEY LLP
355 S. Grand Avenue, Suite 900
Los Angeles, California 90071-1560
(213) 561-3250
tmichaud@cooley.com
abustos@cooley.com

Tiana Demas, *pro hac vice* forthcoming
COOLEY LLP
110 N. Wacker Drive, Suite 4200
Chicago, Illinois 60606-1511
(312) 881-6500
tdemas@cooley.com

Reece Trevor, *pro hac vice* forthcoming
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
(415) 693-2000
rtrevor@cooley.com

Attorneys for Defendant
Lowe's Companies, Inc.

*Additional Counsel on Signature Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivonne Carbajal, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Lowe's Companies, Inc., a Delaware Corporation, and Salesforce, Inc., a Delaware Corporation,<br><br>Defendant. | Case No.<br><br>**DEFENDANTS' JOINT NOTICE OF REMOVAL** |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453(b), Defendants Lowe's Companies, Inc. ("Lowe's") and Salesforce, Inc. ("Salesforce") hereby remove the above-captioned civil action from the Superior Court of the State of Arizona, In and For the County of Maricopa (the "Superior Court"), where the action is currently pending, to the United States District Court for the District of Arizona. For the reasons set forth below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

## I. BACKGROUND

1. On or about October 8, 2024, Plaintiff Ivonne Carbajal filed a putative class action complaint in the Superior Court titled *Ivonne Carbajal, individually and on behalf of all others similarly situated v. Lowe's Companies, Inc., a Delaware Corporation, and Salesforce, Inc., a Delaware Corporation*, Case No. CV2024-028476 (the "Complaint" or "Compl."). A true and correct copy of the Complaint served upon Defendants is attached hereto as **Exhibit 1.**

2. Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.6(b), true and correct copies of all process, pleadings, and orders filed and served upon Defendants in the Superior Court and not previously referenced are attached hereto, identified as **Exhibits 2 - 8**. A true and correct copy of the state court docket is attached hereto, identified as **Exhibit 9.**

3. Plaintiff alleges that she is an individual domiciled in Maricopa County, Arizona. Compl. ¶ 13.

4. Plaintiff "seeks to represent a class" consisting of "[a]ll persons in the State of Arizona who have opened a marketing email containing a tracking pixel from Defendants during the two years preceding the filing" of the Complaint. Compl. ¶ 77. According to Plaintiff, through the use of the Salesforce "tracking pixels" embedded in Lowe's email communications to Plaintiff and the putative class members, Defendants "surreptitiously procured and collected records of, and information regarding" the recipients, such as "time logs of their email access," "the amount of times they opened the email," "the associated email address," and other information. Compl. ¶ 3. Based on these allegations, she pleads

1  that Defendants violated the Arizona Telephone, Utility and Communication Service Records Act ("TUCSRA"), which provides that a "person shall not . . . [k]nowingly procure, attempt to procure, solicit or conspire with another to procure . . . a communication service record" of Arizona residents without consent. Compl. ¶ 7 (quoting A.R.S. § 44-1376.01(A)); *see also id.* ¶¶ 91-101.

5.  Plaintiff previously brought a nearly-identical TUCSRA claim against Defendants in this Court arising out of Lowe's alleged use of Salesforce pixels in its marketing emails. *See Carbajal v. Lowe's Home Centers, LLC*, ECF No. 18, No. 2:24-cv-01030-DLR (D. Ariz. July 11, 2024) ("the Original Federal Lawsuit"). After Defendants moved to dismiss that complaint, but before Plaintiff filed any opposition to that motion and before the court ruled on it, Plaintiff voluntarily dismissed the Original Federal Lawsuit and filed the instant Complaint in the Superior Court.[1] *See* Original Federal Lawsuit, ECF No. 24 (D. Ariz. Sept. 26, 2024).

6.  By filing this Notice of Removal, Defendants do not admit that Plaintiff's allegations have any merit whatsoever, and expressly reserve the right to challenge all such allegations on any and all grounds available, including but not limited to motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

7.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1). Plaintiff filed the Complaint on October 8, 2024. *See* Ex. 1. Plaintiff served the Complaint on Lowe's and Salesforce on December 6, 2024. *See* Exs. 4, 6. Defendants filed this Notice of Removal within thirty days of service, as required. 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

## II.   GROUNDS FOR REMOVAL

8.  This Court has original jurisdiction over the action under 28 U.S.C. § 1332(d)(2), and the action is removable to this Court pursuant to 28 U.S.C. § 1453(b).

---

[1] Defendants moved to dismiss the Original Federal Lawsuit on multiple grounds, including that Plaintiff had failed to allege an injury sufficient to confer Article III standing. Although Plaintiff's current Complaint closely resembles the Original Federal Lawsuit in nearly all other regards, Plaintiff has added allegations that appear designed to allege in additional detail the ways in which she was purportedly injured by Defendants. *See, e.g.*, Compl. ¶ 16.

9. A class action filed in state court is removable to federal district court under the Class Action Fairness Act ("CAFA") if: (1) the putative class includes more than 100 members, (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and (3) "any member of a class of plaintiffs" is diverse "from any defendant" in any one of three statutorily enumerated ways. 28 U.S.C. § 1332(d). The CAFA requirements are satisfied here.

### A. This Action Meets the "Class Action" Definition under CAFA.

10. This action is a "class action." CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B). CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

11. Plaintiff filed this action as a putative class action. *See* Compl. at 1 (titled "Class Action Complaint"); *id.* ¶¶ 9 ("This is a class action lawsuit . . . "), ¶¶ 77–90 (section titled "Class Action Allegations"). Plaintiff asserts that she seeks to represent a class, defined as "[a]ll persons in the State of Arizona who have opened a marketing email containing a tracking pixel from Defendants during the two years preceding the filing" of the Complaint, excluding Defendants and the Court. *Id.* ¶¶ 77-78.

### B. The Proposed Class Exceeds 100 Members.

12. The Complaint's allegations satisfy the first requirement for removal under CAFA: the putative class includes more than 100 members. 28 U.S.C. § 1332(d)(5).

13. Plaintiff's Complaint alleges that there are more than 100 proposed class members. Plaintiff affirmatively asserts that putative class members "number in the tens of thousands and possibly more." Compl. ¶ 79. Numerous courts have relied on similar allegations in finding that the underlying complaint satisfies CAFA's numerosity requirement. *See, e.g.*, *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136,

1140 (9th Cir. 2013) (finding numerosity requirement under CAFA was met for jurisdictional purposes by complaint statement seeking to "'provide remedies for hundreds of affected consumers'" and rejecting defendant's contention of indeterminacy with respect to numerosity because complaint stated that the "'exact number'" of class members was unknown); *Tompkins v. Basic Rsch. LLC,* No. S–08–244 LKK/DAD, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008) (CAFA numerosity satisfied for jurisdictional purposes because the allegation "a class of 'thousands of persons'" implies "a logical minimum of 2,000 class members"); *Phillips v. Wellpoint, Inc.*, No. 10-cv-357-JPG, 2010 WL 4877718, at *2 (S.D. Ill. Nov. 23, 2010) (relying on allegation in plaintiff's complaint that "the proposed class will exceed 20,000 policyholders and group members" to support a finding of jurisdiction under CAFA).

### C. The Amount in Controversy Exceeds $5 Million.

14. The Complaint's allegations also satisfy the second requirement for removal under CAFA because the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(6).

15. To meet the amount in controversy threshold, a notice of removal must include only "'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700 (9th Cir. 2018) (quoting *Dart Cherokee Basin Operating Co.*, LLC v. Owens, 574 U.S. 81, 89 (2014)). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually owe*." *Id.*; accord *Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM(JMA), 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325-FCD EFB, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007).

16. A court may consider various forms of relief sought in the complaint to determine the amount in controversy, including damages, compliance with injunctions, attorneys' fees awarded under fee-shifting statutes or contract, and treble and exemplary damages. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("the amount in controversy may include damages, costs of compliance with injunctions, and attorneys' fees awarded under contract or fee shifting statutes"); *see also, e.g.*, *Chess v. CF Arcis IX LLC*, No. 20-cv-01625-CRB, 2020 WL 4207322, at *4 (N.D. Cal. July 22, 2020) ("When available by statute, treble damages can be included in the calculation for the amount in controversy.") (citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000)); *Greene v. Wells Fargo Bank, N.A.*, No. 18-cv-06689-JSC, 2019 WL 1331027, at *5 (N.D. Cal. Mar. 25, 2019) ("'[i]t is well established that punitive damages are part of the amount in controversy in a civil action.'") (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)).

17. Further, a defendant's burden of proof on removal "is not daunting, as courts recognize that . . . a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204–05 (internal quotation marks omitted). Indeed, "a removing defendant need not meet a preponderance standard where, as here, the amount in controversy can be determined on the face of the pleadings." *Chess*, 2020 WL 4207322, at *4. Rather, "'[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith.'" *Id*. (quoting *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000)).

18. Given that Plaintiff alleges that the "members of the Class number in the tens of thousands" or more, calculation of the amount in controversy is straightforward. Compl. ¶ 79.

19. The Complaint alleges that Defendants are liable to Plaintiff and other class members in the amount of "actual damages or damages of $1,000 for each of Defendants' violations, whichever is more, pursuant to ARS. 44-1376.04." Compl. at Prayer for Relief. As such, the alleged minimum aggregated statutory damages alone ($1,000 or more per

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

class member) would exceed the $5 million statutory threshold for an alleged class of 5,000 members, each of whom opened a single email: $1,000 times 5,000 class members equals $5 million. And here, Plaintiff alleges a class of not just 5,000 members, but one "in the tens of thousands." Compl. ¶ 79. The Complaint also alleges that "each time Defendants sent an email" to Plaintiffs and the putative class members, they "commit[ed] a separate violation" of TUCSRA. Compl. ¶ 99. Accordingly, since the Complaint also alleges that Plaintiff (and presumably other class members) "frequently received and opened emails from Defendants," Compl. ¶ 14, the minimum CAFA amount in controversy would be satisfied even if a smaller number of class members each opened multiple emails.

20. Plaintiff additionally seeks: (i) "damages equal to the sum of any profits Defendants made for each of Defendants' violations"; (ii) "injunctive relief and other equitable relief as is necessary"; and (iii) and an order of attorneys' fees and costs. Compl. at Prayer for Relief. The amount of these requested damages, fee and cost awards, and costs of compliance with Plaintiff's requested injunction further enlarge the amount in controversy—by a potentially significant amount if applied to a putative class of tens of thousands of members.

21. Accordingly, the face of the Complaint plausibly establishes that the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

**D.    There is Minimal Diversity.**

22. The Complaint's allegations satisfy the third requirement for removal under CAFA—minimal diversity—because "any member of a class of plaintiffs is citizen of a State different from [the] Defendant." 28 U.S.C. § 1332(d)(2)(A); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

23. An individual is a citizen of the state in which she is domiciled. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-*

*Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000).

24. Plaintiff's Complaint alleges she is domiciled in Arizona and does not allege any alternative place of residence or state of citizenship. Compl. ¶ 13. The Complaint therefore establishes that she is a citizen of Arizona for the purposes of the diversity of citizenship analysis.

25. Plaintiff seeks to represent a class consisting exclusively of Arizona residents and citizens. Compl. ¶ 77.

26. For purposes of establishing diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Lowe's is a North Carolina corporation with its principal place of business in Mooresville, North Carolina, making it a citizen of North Carolina. Compl. ¶ 17.[2] Salesforce is a Delaware corporation with its principal place of business in San Francisco, California, making it a citizen of Delaware and California. Compl. ¶ 22.

27. Diversity of citizenship thus exists under CAFA because Plaintiff and all putative class members are citizens of Arizona, while Defendants are citizens of North Carolina, Delaware, and California. 28 U.S.C. § 1332(d)(2)(A).

**III.   NOTICE TO THE SUPERIOR COURT AND TO PLAINTIFF**

28. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of the removal of this case with the clerk of the Superior Court and serving such notice upon Plaintiff. *See* **Exhibit 10** attached hereto.

---

[2] The Complaint incorrectly alleges that Lowe's is incorporated in Delaware. Compl. ¶ 17. A true and correct copy of Lowe's Certificate of Existence from the North Carolina Secretary of State showing the company's North Carolina incorporation is attached hereto as **Exhibit 11**.

**IV.   JURY DEMAND**

29. Pursuant to Federal Rule of Civil Procedure 81(c) and LRCiv 3.6(e), Defendants respectfully demand a trial by jury on all claims so triable.

**V.   CONCLUSION**

30. Removal to this Court is proper under CAFA. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: January 6, 2025                         OSBORN MADELON, P.A.

                                               By: *s/ David B. Rosenbaum*
                                                    David B. Rosenbaum
                                                    Colin M. Proksel
                                                    2929 North Central Avenue, Suite 2000
                                                    Phoenix, Arizona 85012

                                               COOLEY LLP
                                                    Teresa Michaud, *pro hac vice* forthcoming
                                                    Ariana E. Bustos, pro hac vice forthcoming
                                                    355 S. Grand Avenue, Suite 900
                                                    Los Angeles, California 90071-1560

                                                    Tiana Demas, *pro hac vice* forthcoming
                                                    110 N. Wacker Drive, Suite 4200
                                                    Chicago, Illinois 60606-1511

                                                    Reece Trevor, *pro hac vice* forthcoming
                                                    3 Embarcadero Center, 20th Floor
                                                    San Francisco, California 94111-4004

                                               *Attorneys for Defendant Lowe's Companies, Inc.*

Dated: January 6, 2025                         SNELL & WILMER LLP

                                               By: *s/ Gregory J. Marshall (with permission)*
                                                    Gregory J. Marshall, 019886
                                                    Emily R. Parker, 036286
                                                    One East Washington Street, Suite 2700
                                                    Phoenix, AZ 85004
                                                    Telephone: 602-382-6000
                                                    Facsimile: 602-382-6070
                                                    gmarshall@swlaw.com
                                                    eparker@swlaw.com

                                               *Attorneys for Defendant Salesforce, Inc.*