# EXHIBIT 1

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/8/2024 5:59:38 PM
Filing ID 18651027

James X. Bormes
(*pro hac vice motion forthcoming*)
Illinois State Bar No. 620268
Catherine P. Sons
(*pro hac vice motion forthcoming*)
Illinois State Bar No. 6290805
LAW OFFICE OF JAMES X. BORMES, P.C.
Illinois State Bar No. 620268
8 South Michigan Avenue, Suite 2600
Chicago, Illinois  60603
(312) 201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

**LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS**

Thomas M. Ryan
(*pro hac vice motion forthcoming*)
Illinois State Bar No. 6273422
LAW OFFICE OF THOMAS M. RYAN, P.C.
35 East Wacker Drive, Suite 650
Chicago, Illinois  60601
(312) 726-3400
tom@tomryanlaw.com
Attorney for Plaintiff

LOCAL COUNSEL:
Michelle R. Matheson #019568
MATHESON & MATHESON, P.L.C.
15300 North 90th Street, Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com

## SUPERIOR COURT STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Ivonne Carbajal, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Lowe's Companies, Inc., a Delaware Corporation, and Salesforce, Inc., a Delaware Corporation;<br><br>    Defendant(s). | Case No.: **CV2024-028476**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br><br>**(Tier 3)** |

Plaintiff Ivonne Carbajal, individually and on behalf of all others similarly situated as set forth herein, alleges as follows:

## NATURE OF THE ACTION

1.     Defendants embedded hidden tracking pixels in emails they sent to Plaintiff and other Arizona residents.

2.     The pixels are and were intentionally designed to be invisible to the naked eye, even if one knew where to look for them.

3.     Defendants' hidden tracking pixels surreptitiously procured and collected records of, and information regarding, Plaintiff and Arizona residents, including time logs of their email access, whether they opened, printed or forwarder the email, the location of the resident and device used when opening or reading the email, the time they spent reading the email, the amount of times they opened the email, the IP address of the resident, the associated email addresses of the resident, and their email client type and email path data used for purposes such as linking an Arizona resident's IP address with a physical address associated with that Arizona resident.

4.     Defendants did not inform Plaintiff and other Arizona residents that the emails contained hidden tracking pixels.

5.     Defendants did not inform Plaintiff and other Arizona residents that the hidden tracking pixels procured, collected and tracked the records and information set forth in Paragraph 3 *supra*.

6.     At no point did Defendants ever obtain Plaintiff's and other Arizona residents' authorization to procure, collect, use and track the records and information set forth in Paragraph 3 *supra*.

7.     The Arizona Telephone, Utility and Communication Service Records Act (the "Act") states "[a] person shall not…[k]nowingly procure, attempt to procure, solicit or conspire with another to procure…a communication service record of any resident of this state without the authorization of the customer to whom the record pertains or by fraudulent, deceptive or false means."  A.R.S. § 44-1376.01.

8.      The Act states "'Communication service record' includes subscriber information, including name,…electronic account identification and associated screen names,…access logs, records of a path of an electronic communication between the point of origin and the point of delivery and the nature of the communication service provided, such as…electronic mail…"  Ariz. Rev. Stat. § 44-1376(1).

9.      This is a class action lawsuit brought on behalf of Arizona residents under the Act.  A.R.S. § 44-1376 *et seq.*

10.     The Act prohibits a person from knowingly procuring and/or soliciting with another to procure a "communication service record" of any Arizona resident i) without the authorization of the person to whom the record pertains or ii) by fraudulent, deceptive or false means.  A.R.S. § 44-1376.01(A)(1).

11.     Plaintiff and the Class Members are Arizona residents who received and opened Defendant Lowe's emails that utilized and embedded Salesforce's tracker to obtain, collect, record, share and store, *inter alia*, their location, whether and when the email recipients opened and read emails from Lowe's, where they opened it, how long they looked at it, and whether they forwarded it.

12.     By failing to receive consent from Plaintiff and the Class Members and by procuring their communication service records and information by deceptive means, Defendants did and continue to violate the Arizona's Telephone, Utility and Communication Service Records Act, A.R.S. § 44-1376 *et seq.*

## THE PARTIES

13.     Plaintiff Ivonne Carbajal is a citizen of Arizona, residing in Maricopa County, Arizona.

14.     Within the past two years, Plaintiff has frequently received and opened emails from Defendants to review promotional materials.

15.     Plaintiff most recently opened one of Defendants' emails in March 2024.

16.     Each time Plaintiff opened an email from Defendants, Defendants' hidden tracking pixel procured records and information from her and her computer and/or mobile

phone, through the email tracking software embedded in the emails, including information and records that identified her, disclosed her location, and tracked where and when she opened, read and/or forwarded the emails.

17.     Defendant Lowe's Companies, Inc. ("Lowe's") is a Delaware corporation with its principal place of business in Mooresville, North Carolina.

18.     Defendant Lowe's is registered to do business in the state of Arizona as a foreign corporation.

19.     Defendant Lowe's has a statutory agent authorized to accept service in Arizona.

20.     Defendant Lowe's owns and/or operates 32 retail stores in the state of Arizona.

21.     For digital sales in Arizona, Defendant Lowe's ships goods to Arizona residents from, *inter alia*, its stores in Arizona.

22.     Defendant Salesforce, Inc. ("Salesforce") is a Delaware corporation with its principal place of business in San Francisco, California.

23.     Defendant Salesforce is registered to do business in Arizona as a foreign corporation.

24.     Defendant Salesforce has a statutory agent authorized to accept service in Arizona.

25.     Defendant Salesforce does business throughout Arizona.

26.     Defendant Salesforce sells and provides customer service relationship management software to companies doing business in and throughout Arizona, including Defendant Lowe's and government offices and agencies of the state of Arizona.

27.     Defendant Salesforce employs hundreds of employees who work in Arizona.

28.     Defendant Salesforce manages and operates a data center in the Phoenix, Arizona metropolitan area.

**JURISDICTION AND VENUE**

29.     The Court has jurisdiction over the subject matter of this Complaint because Plaintiff is a resident of Maricopa County.

30.     The Court has personal jurisdiction over Defendants because, pursuant to the Arizona Constitution article XIV, section 8, by filing their articles of incorporation with the Arizona Corporation Commission and by having an authorized agent to accept service, Defendants have consented to accept service of suits that arise in Maricopa County.

31.     The Court also has personal jurisdiction over Defendants because, as set forth herein, Defendants have purposefully availed themselves of the laws and benefits of doing business in this State and in Maricopa County, and Plaintiff's claims arise out of Defendants' forum-related activities.  Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this county.   Additionally, Defendants knowingly and intentionally procured and collected the records and information at issue from Plaintiff's and Arizona residents' devices including their desktop computers, mobile phone and notebooks.

32.     Venue is proper in this Court pursuant to A.R.S. §§ 12-401(1) and (18) because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this county.

**Facts Supporting Plaintiff's Claims**

**A.      Email Spy Pixels**

33.     Despite Arizona law prohibiting the practice, companies deceptively embed trackers within emails without first obtaining Arizonans' consent. Indeed,"[a]

2018 Princeton study on email tracking tested over 12,000 emails from 900 senders offering mailing list subscriptions and found that 70% contained trackers."[1]

34.    These trackers are known as "spy pixels."

35.    A spy pixel is typically a 1x1 (one pixel high by one pixel long) image. "The spy pixel is so small it is basically impossible to see with the naked eye."[2]

36.    A spy pixel is deliberately made small and impossible to spot with the naked eye even if a person knows where to look.

37.    An email spy pixel is a tiny pixel graphic used to measure various metrics while gathering information about email recipients.

38.    The minuscule size of a spy pixel makes it almost invisible and enables it to blend in with the background of an email. This is intentional, as tracking pixels (i.e., spy pixels) are designed to go unseen.

39.    The objective of a spy pixel is to collect information without the knowledge of the recipient of the email.

40.    The spying effect is that, without the email recipient choosing to do so, the result of opening the email is to report to the sender of the email: if and when an email is read, when (and how many times) it is read, the IP address and other unique identity details of the computer or smartphone used to read the email, and from the latter, the geographical location of the recipient.

41.    To activate a spy pixel, recipients need only to open the email.

---

[1] Mikael Berner, *The Business of Email Tracking: What To Know About Spy Pixels In Your Inbox*, FORBES (Jun 9, 2022), https://www.forbes.com/sites/forbestechcouncil/2022/06/09/the-business-of-email-tracking-what-to-know- about-spy-pixels-in-your-inbox/?sh=2084ee793fec.

[2] Becky Willeke, *Spy pixels are hiding in your emails; so what can you do about it?*, FOX 2 NOW (Mar. 15, 2021), https://fox2now.com/news/tech-talk/spy-pixels-are-hiding-in-your-emails-so-what-can-you-do-about-it/.

**B.      Defendants' Spy Pixel Tracking**

42.      In 2013, Defendant Salesforce acquired the customer engagement and email tracking company ExactTarget.

43.      Salesforce renamed ExactTarget as Salesforce Marketing Cloud after Salesforce acquired ExactTarget.

44.      Salesforce Marketing Cloud provides digital marketing automation and analytics software and services for email, mobile, social and online marketing.

45.      Among other things, Salesforce Marketing Cloud offers companies like Lowe's the service and product of embedding marketing emails with nearly invisible pixels, not transparent to the naked eye, which track the consumer and their activities on their own personal computer or mobile device.

46.      The Salesforce Marketing Cloud's tracking feature uses a 1x1 pixel to track information.

47.      As part of the tracking, the pixel obtains and collects details about the consumer at home or on their mobile device, such as the consumer's location, the time a message was opened, the time links were clicked, and whether an email was shared with a family member or acquaintance and whether the device is a computer or mobile device.

48.      This tracking pixel enables Defendants to track, inter alia, "engagement data" for every email recipient on an individual level.

49.      Defendant Lowe's utilized the hidden embedded tracking system provided by Salesforce to collect, obtain and track, among other things, time logs of their email access, whether they opened, printed or forwarder the email, the location of the resident and device used when opening or reading the email, the time they spent reading the email, the amount of times they opened the email, the IP address of the resident, the associated emails addresses of the resident, and their email client type and email path data used to, *inter alia*, link a physical address associated with an Arizona resident's IP address.

50.     Salesforce's hidden embedded email tracking pixels are used by Lowe's and monitor Plaintiff and other Arizona residents' behavior.

51.     When Lowe's uses and embeds Salesforce's tracking pixels in emails sent to Plaintiff and the Class Members, the records and information obtained though the tracking pixel is sent to a private cloud database managed, operated and/or controlled in whole or in part by Salesforce where Lowe's may and does access and/or export the collected and procured records and information.

52.     Salesforce and its hidden tracking pickle extracted from Plaintiff and other Arizona residents the records and information set forth in Paragraph 3 *supra* and collects and stores it on servers and/or databases managed, operated, controlled and/or owned in whole or in part by Salesforce.

53.     Lowe's can and does export from the servers and/or databases managed, operated, controlled and/or owned in whole or in part by Salesforce the records and information set forth in Paragraph 3 *supra*.  Lowe's can and does export the records and information set forth in Paragraph 3 *supra* to its own servers including its own File Transfer Protocol servers.

54.     As set forth herein, Lowe's procures, collects and shares the records and information described in paragraph 3 *supra* with unauthorized third parties, such as Salesforce.

55.     As set forth herein, Salesforce procures, collects and shares the records and information described in paragraph 3 *supra* with unauthorized third parties, such as Lowe's.

56.     Salesforce obtains, stores and uses the collected data and communication service records to paint a uniquely identifiable detailed picture of Plaintiff and other Arizona residents' interests to create targeted advertising campaigns for Lowe's.

57.     The Salesforce database contains the collected and obtained information which is then used to generate data for leads, tasks, opportunities and accounts.

58.     Salesforce can and does link the collected information about the consumer with additional data about the consumer that Salesforce possesses and/or purchases from third parties including third party data brokers.

59.     Salesforce maintains the collected data and information and makes it available to Lowe's for export or download.

60.     Lowe's obtains, stores and uses the collected data and communication service records to paint a uniquely identifiable detailed picture of Plaintiff and other Arizona residents' interests to create targeted advertising campaigns for Lowe's.

61.     Defendants' tracking pixel can be seen in a snippet of the HTML code in one of Defendant Lowe's emails:

```
<img width=3D"1" height=3D"1" src=3D"https://pixel.inbox.exacttarget.com/pi=
xel.gif?r=3D3cee957cf4045be5bdd97f3d45b56bc1d2d850ec">
<img width=3D"1" height=3D"1" alt=3D"" src=3D"https://click.e.lowes.com/ope=
n.aspx?ffcb10-fed0107075640278-fe4f1175716d077a7d13-fe9515707364027471-ff9d=
1670-fe5f1671706d007f7c14-fefc1077746403&amp;d=3D40139&amp;bmt=3D0">
```

62.     Plaintiff was unaware that tracking pixels were embedded in the emails sent to her by Defendants.

63.     Plaintiff was unaware that Defendants were collecting and using the records and information described herein.

64.     Defendant Lowe's never received authorization from Plaintiff to use tracking pixels in emails it sent to her.

65.     Defendant Lowe's never received authorization from Plaintiff to procure, collect and use the records and information described herein.

66.     Defendant Salesforce never received authorization from Plaintiff to use hidden tracking pixels in emails sent to her.

67.     Defendant Salesforce never received authorization from Plaintiff to procure, collect and use the records and information described herein.

68.     Defendant Lowe's never received authorization from Class Members to use tracking pixels in emails it sent to them.

69.    Defendant Lowe's never received authorization from Class Members to procure, collect and use the records and information described herein.

70.    Defendant Salesforce never received authorization from Class Members to use hidden tracking pixels in emails sent to her.

71.    Defendant Salesforce never received authorization from Class Members to procure, collect and use the records and information described herein.

72.    Plaintiff and the recipients may be aware that they receive marketing emails, but they are not aware of, nor do they consent to, Defendants' surreptitious means of tracking their behavior and location.

### Arizona's Telephone, Utility and Communication Service Records Act
### A.R.S. § 44-1376

73.    A.R.S. § 44-1376 *et seq.* prohibits procurement of any "communication service record" (including email records) of "any resident of this state without the authorization of the customer to whom the record pertains, or by fraudulent, deceptive, or false means." A.R.S. § 44-1376.01.

74.    A.R.S. § 44-1376 (1) defines "communication service record" as follows: "'Communication service record' includes subscriber information, including name, billing or installation address, length of service, payment method, telephone number, electronic account identification and associated screen names, toll bills or access logs, records of the path of an electronic communication between the point of origin and the point of delivery and the nature of the communication service provided, such as caller identification, automatic number identification, voice mail, electronic mail, paging or other service features.  Communication service records do not include the content of any stored oral, wire or electronic communication or a telephone record."

75.    A.R.S. 44-1376.04(A)(2) allows Arizona residents to pursue civil causes of action and civil remedies. Ariz. Rev. Stat. Ann. § 44-1376.04(A)(2).

76.     A.R.S. 44-1376.04(A)(2) states that "[i]n a civil action, a customer whose communication service records were procured, sold or received in violation of this article may recover from the person that committed the violation the following relief…2. Damages equal to the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation but in no case shall a person entitled to recover received less than one thousand dollars."

### Class Action Allegations

77.     Plaintiff seeks to represent a class (the "Class" or "Class Members") defined as: All persons in the State of Arizona who have opened a marketing email containing a tracking pixel from Defendants during the two years preceding the filing of this Complaint.

78.     Excluded from the Class are Defendants, its subsidiaries, affiliates, officers, directors, assigns and successors, and any entity in which it has a controlling interest, and the Judge to whom this case is assigned and any member of his or her immediate family.

79.     Class Members are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the tens of thousands and possibly more. The precise number of Class Members and their identities are unknown to Plaintiff at this time but will be determined through discovery.

80.     Class Members may be notified of the pendency of this action by email, mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

81.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

a) whether Defendants "[k]nowingly procure[d], attempt[ed] to procure, solicit[ed] or conspire[d] with another to procure a … communication service

record of any resident of this state without the authorization of the customer to whom the record pertains";

b) whether Defendants "[k]nowingly procure[d], attempt[ed] to procure, solicit[ed] or conspire[d] with another to procure a … communication service record of any resident of this state…by fraudulent, deceptive or false means";

c) whether Plaintiff's and the Class's "communication service records" were procured, sold or received in violation of A.R.S. § 44-1376 *et seq.*

d) whether Defendants' conduct violates A.R.S. § 44-1376 *et seq.* or any other applicable laws; and

e) whether, as a result of Defendants' misconduct as alleged herein, Plaintiff and Class Members are entitled to restitution, injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

82.     Plaintiff's claims are typical of the claims of Class Members because Plaintiff, like all Class Members, had her communication service records procured, sold, or received by Defendants.

83.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

84.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members. Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.

85.     Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.

86.     Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.

87.     Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

88.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendants.

89.     Defendants embed spy pixels in their marketing emails sent to Plaintiff and Class Members.

90.     Defendants use the spy pixels to extract "communication service records" related to Plaintiff, the Class and the delivery of the email the spy pixel is embedded in. This includes, but is not limited to, time logs of email access, associated email addresses, email client type, IP addresses, email path data used to, inter alia, identify and reveal the physical address associated with an Arizona resident's IP address, and device information.

## Count I

### Violation of A.R.S. § 44-1376.01

91.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

92.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

93.    Defendants "procure" and obtain Plaintiff's and Class Members' "communication service records" because they "obtain by any means, including electronically" Plaintiff's and Class member's "communication service records" as defined in A.R.S. § 44-1376.

94.    In contravention of A.R.S. § 44-1376.01, Defendants knowingly procure and obtain "subscriber information, including name, billing or installation address, length of service, payment method, telephone number, electronic account identification and associated screen names, toll bills or access logs, records of the path of an electronic communication between the point of origin and the point of delivery and the nature of the communication service provided, such as … electronic mail …," which constitute "communication service records" under A.R.S. § 44-1376, from Plaintiff and Class Members.

95.    Defendants never informed Plaintiff and Class Members that Defendants would be procuring, obtaining, storing and using sensitive information including, but not limited to, time logs of email access, associated email addresses, email client type, location information, email path data, IP addresses, and device information.

96.    Plaintiff and Class Members never gave lawful consent to Defendants to procure the communication service records.

97.    Defendants never received the Plaintiff's and Class Members' consent before Defendants procured, collected, obtained, stored, shared and used their communication service records and the records and information including those set forth in paragraph 3 *supra*.

98.    As set forth herein, Defendants used deceptive means to procure, collect, obtain, store, share and use Plaintiff's and Class Members' communication service records and the records and information including those set forth in paragraph 3 *supra*.

99.    Each time Defendants sent an email containing a spy pixel to Plaintiff and Class Members, Defendants procured a communication service record, thus committing a separate violation of A.R.S. § 44-1376.01.

100.    Defendants invaded Plaintiff's and Class Members' right to privacy by spying on them when they opened and read an email. That conduct also intruded upon their seclusion.

101.    Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statute, including actual damages, profits made by Defendants as a result of the violation, $1,000 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgement against Defendants, as follows:

a.  For an order certifying the Class under Ariz. R. Civ. P. 23 and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class Members;

b.  For an order declaring that Defendants' conduct, as set out above, violates A.R.S. § 44- 1376.01;

c.  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.  For actual damages or damages of $1,000.00 for each of Defendants' violations, whichever is more, pursuant to A.R.S. § 44-1376.04;

e.  For damages equal to the sum of any profits Defendants made for each of Defendants' violations, pursuant to A.R.S. § 44-1376.04;

f.  For injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendants to comply with A.R.S. § 44-1376 *et seq.*

g.  For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit;

h.  For pre- and post-judgment interest on all amounts awarded, to the extent allowable; and

i.  For such other and further relief as the Court may deem proper.

## Jury Demand

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: October 8, 2024                  Respectfully submitted,

Ivonne Carbajal, individually and on behalf of a class of persons similarly situated.

/s/ James X. Bormes

James X. Bormes                          LOCAL COUNSEL:
(*pro hac vice*)                         Michelle R. Matheson #019568
Illinois State Bar No. 620268            MATHESON & MATHESON, P.L.C.
Catherine P. Sons                        15300 North 90th Street, Suite 550
(*pro hac vice*)                         Scottsdale, Arizona 85260
Illinois State Bar No. 6202568           (480) 889-8951
LAW OFFICE OF JAMES X. BORMES, P.C.      mmatheson@mathesonlegal.com
Illinois State Bar No. 620268
8 South Michigan Avenue, Suite 2600
Chicago, Illinois  60603
(312) 201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

**LEAD ATTORNEY IN CHARGE FOR**
**PLAINTIFF AND CLASS MEMBERS**

Thomas M. Ryan
(*pro hac vice*)
Illinois State Bar No. 6273422
LAW OFFICE OF THOMAS M. RYAN, P.C.
35 East Wacker Drive, Suite 650
Chicago, Illinois  60601
(312) 726-3400
tom@tomryanlaw.com

# EXHIBIT 2

Person Filing: Michelle Matheson
Address (if not protected): 32531 N. Scottsdale Road Ste. 105-148
City, State, Zip Code:  Scottsdale, AZ 85266
Telephone: (480)889-8951
Email Address: reception@mathesonlegal.com
Representing [□  ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 019568, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/8/2024 5:59:38 PM
Filing ID 18651031

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2024-028476**

Ivonne Carbajal

Name of Plaintiff

**SUMMONS**

AND

Lowe's Companies, Inc., et al.

Name of Defendant

| **WARNING**: This is an official document from the court that affects your rights.  Read this carefully. If you do not understand it, contact a lawyer for help. |
|---|

**FROM THE STATE OF ARIZONA TO:** Salesforce, Inc.

Name of Defendant

1.    **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.    If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> <u>or electronically file your Answer through one of Arizona's approved electronic filing systems at</u> <u>http://www.azcourts.gov/efilinginformation</u>. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

*AZturboCourt.gov Form Set #1038484.3*

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *October 08, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

# EXHIBIT 3

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/8/2024 5:59:38 PM
Filing ID 18651029

Person/Attorney Filing: Michelle Matheson
Mailing Address: 32531 N. Scottsdale Road Ste. 105-148
City, State, Zip Code: Scottsdale, AZ 85266
Phone Number: (480)889-8951
E-Mail Address: reception@mathesonlegal.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 019568, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Ivonne Carbajal<br>Plaintiff(s),<br>v.<br>Lowe's Companies, Inc., et al.<br>Defendant(s). | Case No. **CV2024-028476**<br><br>**CERTIFICATE OF<br>COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this October 08, 2024

By: Michelle Matheson /s/
Plaintiff/Attorney for Plaintiff

# EXHIBIT 4

# DECLARATION OF SERVICE

Notice: This document contains sensitive data

Court Stamp Here

Clerk of the Superior Court
*** Electronically Filed ***
L. Sanchez, Deputy
12/10/2024 11:04:54 AM
Filing ID 18985873

| | |
|---|---|
| Court | **SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF MARICOPA** |
| Plantiff | **Ivonne Carbajal** |

| | |
|---|---|
| Defendant **Lowes Companies, Inc** | Case # **CV2024-028476** |

| |
|---|
| Person to be Served **Lowes Companies, Inc c/o Corporation Service Company, Registered Agent** |

| | |
|---|---|
| Manner of Service **Personal** | Service Date/Time **12/06/2024     9:47 AM** |

| | |
|---|---|
| Documents **SUMMONS;COMPLAINT;CERTIFICATE OF   COMPULSORY ARBITRATION;MOTION TO ASSOCIATE  COUNSEL PRO HAC VICE;ORDER RE MOTION TO ASSOCIATE COUNSEL  PRO HAC VICE** | Service Fee **$105.00** |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **6th day of December, 2024** at **9:47 AM** at the address of **2626 Glenwood Ave Ste 550, Raleigh, Wake County, NC 27608**; the undersigned served the above described documents upon **Lowes Companies, Inc c/o Corporation Service Company, Registered Agent** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **heather hughes, I delivered the documents to heather hughes who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white female contact 45-55 years of age, 5'6"-5'8" tall and weighing 180-200 lbs.**.

No information was provided or discovered that indicates that the subjects served are members of the U.S. military.

Declarant hereby states under penalty of perjury under the laws of the State of AZ that the statement above is true and correct.

Date:  12/06/2024

**Eric Dockery**
**104 Anise Tree Way, Clayton, NC 27527**




Person Filing: Michelle Matheson
Address (if not protected): 32531 N. Scottsdale Road Ste. 105-148
City, State, Zip Code:  Scottsdale, AZ 85266
Telephone: (480)889-8951
Email Address: reception@mathesonlegal.com
Representing [ ☐ ] Self or [ ☒ ] Attorney for:
Lawyer's Bar Number: 019568, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/8/2024 5:59:38 PM
Filing ID 18651030

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2024-028476**

Ivonne Carbajal
_____
Name of Plaintiff

**SUMMONS**

AND

Lowe's Companies, Inc., et al.
_____
Name of Defendant

| **WARNING**:  This is an official document from the court that affects your rights.  Read this carefully. If you do not understand it, contact a lawyer for help. |
|---|

**FROM THE STATE OF ARIZONA TO:** Lowe's Companies, Inc.
_____
Name of Defendant

1.  **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #1038484

3.   If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.   You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.   Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.   Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *October 08, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

# EXHIBIT 5

Clerk of the Superior Court
*** Electronically Filed ***
Y. Morales, Deputy
12/10/2024 11:07:26 AM
Filing ID 18985906

# DECLARATION OF SERVICE

Notice: This document contains sensitive data

| Court | SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF MARICOPA | |
|---|---|---|
| Plaintiff | **Ivonne Carbajal** | |
| Defendant | **Lowe's Companies, Inc., ET AL** | Case #<br>**CV2024-028476** |
| Person to be Served | **Salesforce, INC c/o CT Corporation System, REGISTERED AGENT** | |
| Manner of Service | **Personal** | Service Date/Time<br>**12/06/2024    10:38 AM** |
| Documents | **Certificate on Compulsory Arbitration;Complaint;Summons** | Service Fee<br>**$85.00** |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **6th day of December, 2024** at **10:38 AM** at the address of **3800 N Central Ave Ste 460, Phoenix, Maricopa County, AZ 85012**; the undersigned served the above described documents upon **Salesforce, INC c/o CT Corporation System, REGISTERED AGENT** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **CT Corporation System, REGISTERED AGENT, I delivered the documents to CT Corporation System, REGISTERED AGENT with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 25-35 years of age, 5'4"-5'6" tall and weighing 120-140 lbs.  Dementria Taosie**.

No information was provided or discovered that indicates that the subjects served are members of the U.S. military.

Declarant hereby states under penalty of perjury under the laws of the State of AZ that the statement above is true and correct.

Date: _12/06/2024_

_Ravon Swindell_

**Ravon Swindell, Reg. # MC9079, Maricopa County**
**7100 S. 51st Ave 1152, Laveen, AZ 85339**

Ref **Carbajal**



 **Matheson & Matheson, PLC**

Tracking # **0151237000**



Person Filing: Michelle Matheson
Address (if not protected): 32531 N. Scottsdale Road Ste. 105-148
City, State, Zip Code: Scottsdale, AZ 85266
Telephone: (480)889-8951
Email Address: reception@mathesonlegal.com
Representing [ ☐ ] Self or [ ☒ ] Attorney for:
Lawyer's Bar Number: 019568, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/8/2024 5:59:38 PM
Filing ID 18651031

## SUPERIOR COURT OF ARIZONA
### IN MARICOPA COUNTY

Case Number: **CV2024-028476**

Ivonne Carbajal
_____
Name of Plaintiff

**SUMMONS**

AND

Lowe's Companies, Inc., et al.
_____
Name of Defendant

| |
|---|
| **WARNING**:  This is an official document from the court that affects your rights.  Read this carefully.  If you do not understand it, contact a lawyer for help. |

**FROM THE STATE OF ARIZONA TO:** Salesforce, Inc.
_____
Name of Defendant

1.  **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #1038464843

**3.** If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

**4.** You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

**5.** Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

**6.** Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *October 08, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

# EXHIBIT 6

Clerk of the Superior Court
*** Electronically Filed ***
L. Martinez, Deputy
12/10/2024 10:14:01 AM
Filing ID 18985087

James X. Bormes
(*pro hac vice motion forthcoming*)
Illinois State Bar No. 620268
Catherine P. Sons
(*pro hac vice motion forthcoming*)
Illinois State Bar No. 6290805
LAW OFFICE OF JAMES X. BORMES, P.C.
Illinois State Bar No. 620268
8 South Michigan Avenue, Suite 2600
Chicago, Illinois 60603
(312) 201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

**LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS**

Thomas M. Ryan
(*pro hac vice motion pending*)
Illinois State Bar No. 6273422
LAW OFFICE OF THOMAS M. RYAN, P.C.
35 East Wacker Drive, Suite 650
Chicago, Illinois 60601
(312) 726-3400
tom@tomryanlaw.com
Attorneys for Plaintiff

LOCAL COUNSEL:
Michelle R. Matheson #019568
MATHESON & MATHESON, P.L.C.
32531 N. Scottsdale Rd., Ste. 105-148
Scottsdale, Arizona 85266
(480) 889-8951
mmatheson@mathesonlegal.com

## SUPERIOR COURT STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Ivonne Carbajal, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Lowe's Companies, Inc., a Delaware Corporation, and Salesforce, Inc., a Delaware Corporation.<br><br>Defendants. | Case No.: CV2024-028476<br><br>**AMENDED MOTION TO ASSOCIATE COUNSEL PRO HAC VICE (Attachments Only)**<br><br>(Assigned to: Hon. Christopher Coury)<br><br>(Tier 3) |

/ / /

/ / /

1    Michelle R. Matheson, pursuant to Rule 39, Ariz. R. Sup. Ct., moves the court to
2  associate Thomas M. Ryan as counsel pro hac vice in this action. In support of this motion
3  and pursuant to Rule 39(a)(2)(E), the following original documents are attached:

4    1.  Verified Application to Appear Pro Hac Vice;

5    2.  Certificate(s) of Good Standing; and

6    3.   State Bar of Arizona Notice of Receipt of Complete Application.

7    Michelle R. Matheson hereby agrees to serve as local counsel in this matter and
8  accepts the responsibilities detailed in Rule 39(a), Ariz. R. Sup. Ct.

9

10    DATED this 10th day of December 2024.

11

12    **MATHESON & MATHESON, P.L.C.**

13

14    By: /s/ Michelle R. Mathesson
          Michelle R. Matheson #019568
15        *Attorney for Plaintiff*

16

17

18  **ORIGINAL Electronically FILED**
    this 10th day of December, 2024 and
19  COPY  **MAILED** to:

20
    Lowe's Companies Incorporated
21  c/o Corporation Service Company (Registered Agent)
    2626 Glenwood Ave., Suite 550
22  Raleigh, NC 27608

23
    Salesforce, Inc.
24  c/o CT Corporation System (Registered Agent)
    3800 N. Central Ave., Suite 460
25  Phoenix, AZ, 85012

26

27     /s/ Christina Hackett

28



**STATE BAR OF ARIZONA**

Attn: Pro Hac Vice Dept
P.O. Box 842699
Los Angeles, CA 90084-2699
Phone: 602-340-7239

For Official Use Only
App# _10/55/8_
Bar Number# _P242/7/_

_Ck 10/1_      _$505.00_
Overnight or Hand Delivery:
4201 N. 24th St., Ste 100
Phoenix, AZ 85016-6266

## Application for Appearance Pro Hac Vice

**PART I: Applicant Information**

Name of Applicant: Thomas M. Ryan

Firm/Company Name: Law Office of Thomas M. Ryan, P.C.

Office Address: 35 E. Wacker Drive, Suite 650, Chicago, IL 60610

Telephone: 312-726-3400      Fax: 312-782-4519      Email Address: tom@tomryanlaw.com

Residence Address: 38 Bennington Road, Bluffton, SC 29910

Title of cause or case where applicant seeks to appear: Carbajal v. Lowe's Companies, Inc. and Salesforce, Inc.

Docket Number: CV2024-028476

Court, Board, or Administrative Agency: Superior Court State of Arizona

Party on whose behalf applicant seeks to appear: Plaintiff Ivonne Carbajal

### Pursuant to Arizona Supreme Court Rule 39(a)(2), the applicant shall complete the information below:

| Courts to Which Applicant Has Been Admitted: (Attach additional pages if necessary) | Date of Admission: | Bar Number: |
|---|---|---|
| United States District Court, Northern District of Illinois | 06/04/2002 | 6273422 |
| Illinois Supreme Court | 11/09/2000 | 6273422 |
| | | |
| | | |

☑ Applicant is a member in good standing in such courts.

☑ Applicant is not currently disbarred or suspended in any court.

Applicant ☐ has been/is  ☑ has not/is not **(select one)** subject to any disciplinary proceeding or investigation by any court, agency or organization authorized to discipline attorneys at law within the last 5 years. If yes, specify the jurisdiction, nature of investigation and contact information of the disciplinary authority investigating on an additional page.

In the preceding three (3) years, applicant has filed applications to appear as counsel under Ariz. R. Sup. Ct., Rule 39(a) in the following:

| Title of Matter: | Docket #: | Court or Agency: | App Granted? (Y/N) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

This case or cause ☐ is / ☑ is not (select one) a related or consolidated matter for which applicant has previously applied to appear pro hac vice in Arizona. If this matter is a related or consolidated with any previous application, Applicant certifies that he/she will review and comply with appropriate rules of procedure as required in the underlying cause.
If applicable, please provide related or consolidated matter application or docket# _____

Revised 05/01/20

Page 2

## PART II: Local Counsel Information

Name of Arizona Local Counsel: Michelle R. Matheson

State Bar of Arizona Number: 019568

Address: 32531 N. Scottsdale Rd., Suite 105-148 Scottsdale, AZ 85266

Telephone: 480-889-8951          Fax: 480-454-1084          Email Address: mmatheson@mathesonlegal.com

☑ Local Counsel is a member in good standing.

☑ Local Counsel associating with a nonresident attorney in a particular cause shall accept joint responsibility with the nonresident attorney to the client, to opposing parties and counsel, and to court, board, or administrative agency in that particular cause.

## PART III: Parties and Certification
Name(s) of each party in this cause and name and address of all counsel of record:

| Party: | Counsel of Record: | Address: |
|---|---|---|
| Plaintiff Ivonne Carbajal | Thomas M. Ryan | 35 E. Wacker Drive, Suite 650, Chicago, IL 60601 |
| Plaintiff Ivonne Carbajal | James X. Bormes | 8 S. Michigan Ave., Suite 2600, Chicago, IL 60603 |
| Plaintiff Ivonne Carbajal | Catherine P. Sons | 8 S. Michigan Ave., Suite 2600, Chicago, IL 60603 |
| Plaintiff Ivonne Carbajal | Michelle R. Matheson | 32531 N. Scottsdale Rd., Ste. 105-148 Scottsdale, AZ 85266 |

☑ Applicant is including with this application a nonrefundable application fee, payable to the State Bar of Arizona, in the amount of $505.00. Fifteen percent of the non-refundable application fee paid pursuant to this section shall be deposited into a civil legal services fund to be distributed by the Arizona Foundation for Legal Services and Education entirely to approved legal services organizations, as that term is defined in subparagraph (2)(c) of this rule.

☑ Applicant is furnishing a certificate from the state bar or from the clerk of the highest admitting court of each state, territory, or insular possession of the United States in which the nonresident attorney has been admitted to practice law certifying the nonresident attorney's date of admission to such jurisdiction and the current status of the nonresident attorney's membership or eligibility to practice therein. The certificate furnished shall be no more than forty-five (45) days old.

Applicant certifies the following:
1. Applicant shall be subject to the jurisdiction of the courts and agencies of the State of Arizona and to the State Bar of Arizona with respect to the law of this state governing the conduct of attorneys to the same extent as an active member of the State Bar of Arizona, as provided in Ariz. R. Sup. Ct. Rule 46(b).
2. Applicant will review and comply with appropriate rules of procedure as required in the underlying cause.
3. Applicant understands and shall comply with the standards of conduct required of members of the State Bar of Arizona.

## Verification

STATE OF          South Carolina                                    )

County of          Beaufort                                    ) ss.

I, Thomas M. Ryan                                    , swear that all statements in the application are true, correct and complete to the best of my knowledge and belief.

Dated: October 11, 2024          Applicant's Signature: _____

SUBSCRIBED AND SWORN TO before me this ___11th___ day of October, 20 24 , by

Thomas Ryan
Name of Applicant

_____
Notary Public          Catherine Grunow

CATHERINE GRUNOW
Notary Public - State of South Carolina
My Commission Expires
10/19/2031

Revised

# Certificate of Admission
# To the Bar of Illinois

I, Cynthia A. Grant, Clerk of the Supreme Court of Illinois, do hereby certify that

Thomas Michael Ryan

has been duly licensed and admitted to practice as an Attorney and Counselor at Law within this State; has duly taken the required oath to support the CONSTITUTION OF THE UNITED STATES and of the STATE OF ILLINOIS, and also the oath of office prescribed by law, that said name was entered upon the Roll of Attorneys and Counselors in my office on 11/09/2000 and is in good standing, so far as the records of this office disclose.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of said Court, this 28th day of October, 2024.

Cynthia A. Grant

Clerk,
Supreme Court of the State of Illinois

# CERTIFICATE OF GOOD STANDING



*United States of America*

                              **}ss.** Thomas Michael Ryan

*Northern District of Illinois*

    I, Thomas G. Bruton , Clerk of the United States District Court for the Northern District of Illinois,

    DO HEREBY CERTIFY That Thomas Michael Ryan was duly admitted to practice in said Court on (06/04/2002) and is in good standing as a member of the bar of said court.

Dated at Chicago, Illinois
on (10/10/2024 )

                                 Thomas G. Bruton , Clerk,

                                 By:  Briana Irizarry
                                    Deputy Clerk

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ B IRIZARRY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
October 10, 2024

1                            **Maricopa County Superior Court**

2  CARBAJAL,
       Plaintiff
3                                                    CASE # **CV2024-028476**
                        v.
4                                                       SBA App # 1015518
       LOWE'S COMPANIES, INC. AND
5  SALESFORCE, INC.,                            **NOTICE OF RECEIPT OF COMPLETE**
       Defendant.                                        **APPLICATION**
6

7  NOTICE IS HEREBY given by THE STATE BAR OF ARIZONA that it has received the
   verified application and fee from THOMAS M. RYAN.

8  In addition to this application, applicant has made the following applications to appear pro hac
9  vice, pursuant to Rule 39, within the previous three (3) years:

           Title of Matter          Court/Agency              Date          Granted?
10

11
   Exhibit A, the original verified application and Exhibit B, the original Certificate(s) of Good
12 Standing are attached hereto.

13 DATED this 21st day of November 2024

14

15                                          _____
                                            Shaniece Brazwell
16                                          Administrative Assistant III
                                            State Bar of Arizona
17

18 Original Mailed on this 21st day of November 2024 to:

19 Michelle Ray Matheson
20 Matheson & Matheson PLC
   32531 N SCOTTSDALE RD STE 105-148
21 SCOTTSDALE, AZ 85266-1519

22

23

24

25

# EXHIBIT 7

Clerk of the Superior Court
*** Electronically Filed ***
12/10/2024 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2024-028476                                      12/09/2024


                                          CLERK OF THE COURT
HONORABLE CHRISTOPHER COURY                    S. Ortega
                                               Deputy


IVONNE CARBAJAL                        MICHELLE RAY MATHESON

v.

LOWES COMPANIES INC, et al.



                              JUDGE COURY



                            MINUTE ENTRY


        The Court has reviewed and considered the *Motion to Associate Counsel Pro Hac Vice*, filed December 4, 2024.

        THE COURT FINDS that none of the referenced documents are attached. Without such documents, admission pro hac vice is not permitted.

        Good cause appearing,

        **IT IS ORDERED** denying without prejudice the *Motion to Associate Counsel Pro Hac Vice*, filed December 4, 2024.

# EXHIBIT 8

Granted as Submitted
***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
S. Ortega, Deputy
12/12/2024 8:00:00 AM
Filing ID 18991166

1   James X. Bormes
    (*pro hac vice motion forthcoming*)
2   Illinois State Bar No. 620268
3   Catherine P. Sons
    (*pro hac vice motion forthcoming*)
4   Illinois State Bar No. 6290805
    LAW OFFICE OF JAMES X. BORMES, P.C.
5   Illinois State Bar No. 620268
    8 South Michigan Avenue, Suite 2600
6   Chicago, Illinois  60603
7   (312) 201-0575
    jxbormes@bormeslaw.com
8   cpsons@bormeslaw.com

9   **LEAD ATTORNEY IN CHARGE FOR**
    **PLAINTIFF AND CLASS MEMBERS**
10

11  Thomas M. Ryan
    (*pro hac vice motion pending*)
12  Illinois State Bar No. 6273422
    LAW OFFICE OF THOMAS M. RYAN, P.C.
13  35 East Wacker Drive, Suite 650
    Chicago, Illinois  60601
14  (312) 726-3400
    tom@tomryanlaw.com
15  Attorneys for Plaintiff

16

LOCAL COUNSEL:
Michelle R. Matheson #019568
MATHESON & MATHESON, P.L.C.
32531 N. Scottsdale Rd., Ste. 105-148
Scottsdale, Arizona 85266
(480) 889-8951
mmatheson@mathesonlegal.com

17          **SUPERIOR COURT STATE OF ARIZONA**

18          **IN AND FOR THE COUNTY OF MARICOPA**

19
20  Ivonne Carbajal, individually and on
    behalf of all others similarly situated,
21
                        Plaintiff,
22          v.
23  Lowe's Companies, Inc., a Delaware
    Corporation, and Salesforce, Inc., a
24  Delaware Corporation.
25                      Defendants.
26

Case No.:  CV2024-028476

**ORDER RE AMENDED MOTION**
**TO ASSOCIATE COUNSEL**
**PRO HAC VICE**

(Assigned to: Hon. Christopher Coury)

(Tier 3)

27  / / /
28  / / /

1         Based on the Amended Motion to Associate Counsel Pro Hac Vice of Michelle R.

2    Matheson and the consent of Michelle R. Matheson to appear as local counsel, it is hereby

3    ordered that Thomas M. Ryan be admitted pro hac vice as counsel for Plaintiff  Ivonne

4    Carbajal in this matter.

5         DATED this ___ day of _____, 2024.

6

7

8    _____

9         Judge of the Superior Court

10

11   **ORIGINAL Electronically FILED**

12   this _____ day of December, 2024.

13   **COPY** Mailed/E-Mailed to:

14

15   Lowe's Companies Incorporated
     c/o Corporation Service Company (Registered Agent)

16   2626 Glenwood Ave., Suite 550
     Raleigh, NC 27608

17

18   Salesforce, Inc.
     c/o CT Corporation System (Registered Agent)

19   3800 N. Central Ave., Suite 460
     Phoenix, AZ, 85012

20

21    /s/ Christina Hackett

22

23

24

25

26

27

28

# eSignature Page 1 of 1

Filing ID: 18991166   Case Number: CV2024-028476
Original Filing ID: 18985087

_____

**Granted as Submitted**

Judicial Officer Comments

/s/ Christopher A. Coury

December 11, 2024

 /S/ Christopher Coury Date: 12/11/2024
_____
Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2024-028476                SIGNATURE DATE: 12/11/2024

E-FILING ID #: 18991166                         FILED DATE: 12/12/2024 8:00:00 AM

MICHELLE RAY MATHESON

# EXHIBIT 9

« Return to search results

## Case Information

| | | | |
|---|---|---|---|
| **Case Number:** | CV2024-028476 | **Judge:** | Coury, Christopher |
| **File Date:** | 10/8/2024 | **Location:** | Downtown |
| **Case Type:** | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Ivonne Carbajal | Plaintiff | Female | Michelle Matheson |
| Lowes Companies Inc | Defendant | | Pro Per |
| Salesforce Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 12/12/2024 | PHO - Pro Hac Vice Order | 12/12/2024 | |
| **NOTE:** | ORDER RE AMENDED MOTION TO ASSOCIATE COUNSEL PRO HAC VICE | | |
| 12/10/2024 | 019 - ME: Ruling | 12/10/2024 | |
| 12/10/2024 | AFS - Affidavit Of Service | 12/10/2024 | |
| **NOTE:** | DECLARATION OF SERVICE upon Lowes Companies, Inc | | |
| 12/10/2024 | AFS - Affidavit Of Service | 12/10/2024 | |
| **NOTE:** | DECLARATION OF SERVICE / SALESFORCE INC | | |
| 12/10/2024 | PHA - Pro Hac Vice Application | 12/10/2024 | |
| **NOTE:** | AMENDED MOTION TO ASSOCIATE COUNSEL PRO HAC VICE | | |
| 12/4/2024 | MOT - Motion | 12/5/2024 | |
| **NOTE:** | MOTION TO ASSOCIATE COUNSEL PRO HAC VICE | | |
| 10/8/2024 | COM - Complaint | 10/9/2024 | |
| **NOTE:** | Complaint | | |
| 10/8/2024 | CSH - Coversheet | 10/9/2024 | |
| **NOTE:** | Civil Cover Sheet | | |
| 10/8/2024 | CCN - Cert Arbitration - Not Subject | 10/9/2024 | |
| **NOTE:** | Certificate Of Compulsory Arbitration - Is Not Subject To | | |
| 10/8/2024 | SUM - Summons | 10/9/2024 | |
| **NOTE:** | Summons | | |
| 10/8/2024 | SUM - Summons | 10/9/2024 | |
| **NOTE:** | Summons | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

| Date | (F)or / (A)gainst | Amount | Frequency | Type | Status |
|---|---|---|---|---|---|
| No records found. | | | | | |

# EXHIBIT 10

1  David B. Rosenbaum, 009819
   Colin M. Proksel, 034133
2  OSBORN MALEDON, P.A.
   2929 North Central Avenue, Suite 2000
3  Phoenix, Arizona 85012
   (602) 640-9000
4  drosenbaum@omlaw.com
   cproksel@omlaw.com
5
6  *Attorneys for Defendant Lowe's Companies, Inc.*

7           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8              IN AND FOR THE COUNTY OF MARICOPA

9
   IVONNE CARBAJAL, individually and on        Case No. CV2024-028476
10 behalf of all others similarly situated,
11                            Plaintiff,        **NOTICE OF FILING NOTICE OF**
                                                **REMOVAL TO FEDERAL**
12 vs.                                          **COURT**

13 LOWE'S COMPANIES, INC., a Delaware
   corporation, and SALESFORCE, INC., a
14 Delaware corporation,

15                            Defendants.

16         PLEASE TAKE NOTICE THAT on January 6, 2025, Defendant Lowe's

17 Companies, Inc. removed this action to the United States District Court for the District of

18 Arizona by filing a Notice of Removal in that Court.  A copy of that Notice of Removal

19 is attached as **Exhibit A** (without its accompanying exhibits, which are already on file

20 with the Maricopa County Superior Court).  Accordingly, and pursuant to 28 U.S.C.

21 § 1446(d), this Court "shall proceed no further unless and until the case is remanded."

22         DATED this 6th day of January, 2025.

23                                    OSBORN MALEDON, P.A.
24
25                                    By */s/ David B. Rosenbaum*
                                         David B. Rosenbaum
26                                       Colin M. Proksel
                                         2929 North Central Avenue, Suite 2000
27                                       Phoenix, Arizona 85012

28                                    *Attorneys for Defendant Lowe's Companies, Inc.*

ELECTRONICALLY FILED
this 6th day of January, 2025,
and a copy electronically
delivered via TurboCourt to:

Michelle R. Matheson
MATHESON & MATHESON, P.L.C.
15300 N. 90th Street, Suite 550
Scottsdale, AZ 85260
mmatheson@mathesonlegal.com

James X. Bormes (*pro hac vice* forthcoming)
Catherine P. Sons (*pro hac vice* forthcoming)
LAW OFFICE OF JAMES X. BORMES, P.C.
8 S. Michigan Avenue, Suite 2600
Chicago, IL 60603
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

Thomas M. Ryan
LAW OFFICE OF THOMAS M. RYAN, P.C.
35 E. Wacker Drive, Suite 650
Chicago, IL 60601
tom@tomryanlaw.com

*Attorneys for Plaintiff*

Gregory J. Marshall
Emily R. Parker
SNELL & WILMER L.L.P.
One E. Washington Street, Suite 2700
Phoenix, AZ 85004-2556
gmarshall@swlaw.com
eparker@swlaw.com

*Attorneys for Defendant Salesforce, Inc.*


*/s/ Sylvia Aguayo*

2

# EXHIBIT 11

# NORTH CAROLINA
# Department of the Secretary of State

## CERTIFICATE OF EXISTENCE

I, ELAINE F. MARSHALL, Secretary of State of the State of North Carolina, do hereby certify that

### LOWE`S COMPANIES, INC.

is a corporation duly incorporated under the laws of the State of North Carolina, having been incorporated on the 1st day of August, 1952, with its period of duration being Perpetual.

I FURTHER certify that, as of the date set forth hereunder, the said corporation's articles of incorporation are not suspended for failure to comply with the Revenue Act of the State of North Carolina; that the said corporation is not administratively dissolved for failure to comply with the provisions of the North Carolina Business Corporation Act; that its most recent annual report required by N.C.G.S. 55-16-22 has been delivered to the Secretary of State; and that the said corporation has not filed articles of dissolution as of the date of this certificate.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at the City of Raleigh, this 6th day of January, 2025.

*Elaine F. Marshall*

**Secretary of State**





Scan to verify online.

Certification# 121726500-1  Reference# 22139039-  Page: 1 of 1
Verify this certificate online at https://www.sosnc.gov/verification