**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivonne Carbajal, | No. CV-25-00041-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Lowe's Home Centers, LLC, et al., | |
| Defendants. | |

    Plaintiff Ivonne Carbajal ("Plaintiff") has filed a class action Complaint against retailer Lowe's and software company Salesforce, alleging violations of Arizona's Telephone, Utility and Communication Service Records Act ("TUCSRA"). On March 4, 2025, both Defendant Lowe's Home Centers, LLC ("Lowe's") Inc. and Defendant Salesforce, Inc. ("Salesforce") (collectively, "Defendants") moved to dismiss the Complaint (Docs. 14, 15). Plaintiff filed Responses to each Motion (Docs. 22, 23), and Defendants filed their respective Replies. (Docs. 24, 25). On November 14, 2025, Defendants filed a Notice of Supplemental Authority (Doc. 26) in support of their Motions to Dismiss.

    TUCSRA protects public utility records, telephone records, and communication service records. A.R.S. § 44-1376.01(A)(1). Plaintiff's Complaint alleges a singular cause of action under TUCSRA against Defendants. The claim is based on a theory that Lowe's marketing emails, containing Salesforce's "spy pixels," reported to Defendants how individuals engaged with the content without their knowledge or authorization. (*See*

*generally* Doc. 1-1 at 2–17).

Plaintiff has filed largely similar cases in this District.  In *Carbajal v. Home Depot U.S.A., Inc.*, Plaintiff filed the same TUCSRA claim against a different home improvement retailer, Home Depot.  2024 WL 5118416 (D. Ariz. 2024).  The case was ultimately dismissed for failure to state a claim under TUSCRA.  *Id.* at *5.  In *Carbajal v. The Gap, Inc.*, Case No. 24-CV-01056-PHX-ROS ("The Gap"), Plaintiff filed the same claim against The Gap, Inc., but the parties later settled the case.  (The Gap, ECF Doc. 22).  In *Carbajal v. Lowe's Companies, Inc.*, Case No. 24-CV-01030-PHX-DLR ("Lowes I"), Plaintiff filed the same claim against the same Defendants, but the action was voluntarily dismissed after Defendants each filed a motion to dismiss.  (Lowes I, ECF Doc. 24)

Plaintiff is not alone in her efforts.  Several other plaintiffs have also filed TUCSRA claims aimed at marketing emails with tracking pixels.  Such claims have been considered in *Williams v. Pac. Sunwear of Cal. LLC*, 2025 WL 1135160, at *4 (D. Ariz. Apr. 16, 2025); *Camp v. Sephora USA, Inc.*, No. 24-CV-07330 (N.D. Cal. Jan. 24, 2025) at ECF No. 22 (order granting motion to dismiss); *D'Hedouville v. H&M Fashion USA, Inc.*, No. CV-20243386 (Ariz. Super. Ct. Oct. 11, 2024), *appeal dismissed*, No. 2 CA-CV 2024-0390 (Ariz. Ct. App. Mar. 26, 2025); and *Mills v. Saks.com LLC*, No. 23-CV-10638, 2025 WL 34828, at *6 (S.D.N.Y. Jan. 6, 2025).  All of these TUSCRA claims have been dismissed as conduct that falls outside the scope of the statute.[1]  *See also Carbajal v. Home Depot U.S.A., Inc.*, 2024 WL 5118416, *5 (D. Ariz. 2024).  In her Responses, Plaintiff notes that as of May 9, 2025, an Arizona appellate court had yet to weigh in on the issue.  (*See* Doc. 22 at 7; Doc. 23 at 11–12).  This is no longer true.  (*See* Doc. 26).

On November 13, 2025, the Arizona Court of Appeals rendered a decision affirming the dismissal of the plaintiff's TUCSRA claim against Target Corporation.  *Smith v. Target Corp.*, 2025 WL 3166035 (Ariz. App. Div. 1, 2025).  The plaintiff there pursued a similar claim to Plaintiff here, alleging that "Target embedded spy pixels in its marketing emails

---

[1] In other jurisdictions, complaints have been dismissed for lack of standing.  *See Hartley v. Urb. Outfitters, Inc.*, 740 F. Supp. 3d 410 (E.D. Pa. 2024); *Campos v. TJX Companies, Inc.*, 2025 WL 360677 (D. Mass. 2025)

- 2 -

that were designed to extract email data without his consent, including when he opens the email and if he forwards the email." *Id.* at *1. In affirming the lower court's dismissal, the Arizona Court of Appeals stated:

> Logs of email access, logs of associated email addresses, email client types, email path data, recipient locations, IP addresses, email forwarding data, and device information collected from a spy pixel on a marketing email from Target are neither "access logs" nor "records of the path of an electronic communication between the point of origin and the point of delivery." And because Smith does not allege that he is subscribed to a communication service provider nor that Target unlawfully procured his subscriber information from a communication service provider, Smith's claims are not covered by TUCSRA.

*Id.* at *3.

Federal courts "are bound by a state court's construction of the laws of that state[.]" *Stephan v. Dowdle*, 733 F.2d 642, 642 (9th Cir. 1984); *Gentry v. MacDougall*, 685 F.2d 322, 323 (9th Cir. 1982) ("Absent extraordinary circumstances, which do not obtain in this case, a federal court is bound by a state court's construction of the laws of that state."). Pronouncements of the Arizona Supreme Court on applicable state law are binding, "but in the absence of such pronouncements, [the Court follows] decisions of the [Arizona Court of Appeals] unless there is convincing evidence that the [Arizona Supreme Court] would hold otherwise." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 889 (9th Cir. 2010).

With this *Smith* decision in mind, Plaintiff must show cause as to why her Complaint should not be dismissed. Upon review, Plaintiff, in her Complaint, espouses the same allegations and theory of liability under the TUCSRA as the plaintiff in *Smith*. The Arizona Court of Appeals has just foreclosed this claim.

Accordingly,

**IT IS ORDERED** that Plaintiff must show cause, **within seven (7) days of this Order**, as to why her Complaint should not be dismissed in light of the Arizona Court of Appeals decision in *Smith v. Target*. Alternatively, the parties must meet and confer and inform the Court whether they are able to reach a resolution on this matter **within seven**

**(7) days of this Order**.

Dated this 18th day of November, 2025.

_____
Honorable Diane J. Humetewa
United States District Judge